UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAFEEZ SAHEED,<br><br>       Plaintiff,<br><br> - against -<br><br>CHARLES PARKER,<br><br>       Defendant. | **ORDER**<br><br>17 Civ. 6151 (PGG) (HBP) |

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Hafeez Saheed, a former employee of the New York City Department of Administrative Services ("DCAS"), filed this employment discrimination action against DCAS, DCAS Commissioner Shemaka Boyle Overton, and several DCAS employees – including Defendant Charles Parker – on August 14, 2017. Plaintiff has since agreed to dismiss his claims against all Defendants other than Parker. As to Parker, Plaintiff has moved for a default judgment. (See Mot. (Dkt. No. 28))

    On October 3, 2018, this Court referred Plaintiff's motion for a default judgment to Magistrate Judge Henry B. Pitman for a Report and Recommendation ("R & R"). On February 11, 2019, Judge Pitman issued an R & R recommending that Plaintiff's motion be denied. For the reasons stated below, the Court will adopt the R & R in its entirety and deny Plaintiff's motion.

# BACKGROUND

## I. FACTS[1]

Plaintiff identifies as a black man of Nigerian national origin. He began his employment with DCAS on May 31, 2016. (Cmplt. (Dkt. No. 1) at 5) Plaintiff claims that Defendant Parker, a co-worker, subjected him to racial epithets. (Id. at 8)

According to the Complaint, Defendant Parker called Plaintiff a "Fucking African Nigga" and "all sorts of names," and threatened to give Plaintiff "the beating of [his] life." (Id.) Although Parker was disciplined – he was given a formal warning concerning his conduct – "this situation never ended," and indeed Parker enlisted his "buddies" to "tag along" in Parker's abuse of Plaintiff. (Id. at 8-9) Plaintiff reported Parker's conduct to the "EEO Dep[artmen]t," but Plaintiff's employment was subsequently terminated. (Id. at 9)

## II. PROCEDURAL HISTORY

Plaintiff brought suit against DCAS, Parker, DCAS Commissioner Shemaka Boyle Overton, and two other DCAS employees, "Officer Moren" and "Human Resources Employee Morric," on August 14, 2017, contending that the Defendants had discriminated against him on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law. (Cmplt. (Dkt. No. 1) at 3-4) This Court referred the suit to Judge Pitman for general pretrial matters. (Order (Dkt. No. 19))

Defendant Parker and the other Defendants were served with the Summons and Complaint on October 20, 2017. (Process Receipt and Return (Dkt. No. 10)) On May 29, 2018,

---

[1] The page numbers in this Order refer to the designated page numbers in this District's Electronic Case Filing (ECF) system.

2

Plaintiff entered into a settlement with Defendants DCAS and Boyle, and the claims against these Defendants were dismissed. (Order of Dismissal (Dkt. No. 22)) On July 19, 2018, Plaintiff and Defendants Moren and Morric entered into a stipulation of voluntary dismissal, leaving Parker as the sole remaining defendant. (Stipulation of Voluntary Dismissal (Dkt. No. 26)) To date, Parker has not appeared in this action.

On August 23, 2018, Plaintiff moved for a default judgment against Parker. (Mot. (Dkt. No. 28)) This Court referred Plaintiff's motion to Judge Pitman. (Am. Order (Dkt. No. 30) On February 11, 2019, Judge Pitman issued an R & R recommending that this Court deny Plaintiff's motion. Judge Pitman found that Plaintiff had not complied with Local Civil Rule 55.2(c) – which governs the mailing of papers filed in support of a motion for a default judgment – and recommended that Plaintiff's motion be denied without prejudice to renewal after he had complied with Rule 55.2(c). (See R & R (Dkt. No. 35) at 2-3) Copies of the R & R were mailed to the parties on February 11, 2019. (See id. at 4)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ."[2] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may

---

[2] The R & R recites the requirement that the parties must file objections within fourteen days of service, and explains the consequences for failing to timely object: "Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Paul G. Gardephe. . . . Any requests for an extension of time for filing objections must be directed to Judge Gardephe. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW." (R & R (Dkt. No. 35) at 3 (citations omitted)) (emphasis in original).

3

serve and file specific written objections to the proposed findings and recommendations.").
Here, no party has filed objections to the R & R.³

## **DISCUSSION**

In reviewing an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R & R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A "party generally waives judicial review of an issue[, however,] when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review (see R & R (Dkt. No. 35) at 3), Plaintiff has not filed objections to Judge Pitman's R & R. Accordingly, Plaintiff has waived judicial review. See Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure

---

³ On February 19, 2019, this Court received a letter from Plaintiff stating that "NYC Counsel Bruno" – Assistant Corporation Counsel Kyle Bruno, who represented DCAS and Defendant Boyle in this action – "has resigned," and that Plaintiff "has no idea of who replaced him in the NYC Corp Counsel Department." (Feb. 19, 2019 Pltf. Ltr. (Dkt. No. 36) In his letter, Plaintiff also states that "Charles Parker is a member of Local 237 for Peace Officers." (Id.) This letter does not set forth objections to the R & R.

4

to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court will go on to consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

As noted above, Judge Pitman concluded that Plaintiff's motion should be denied, because he had not complied with Local Civil Rule 55.2(c). (R & R (Dkt. No. 35) at 2) Under Local Rule 55.2(c), "all papers submitted to the Court" in support of a motion for a default judgment must "simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual)." Local Civil Rule 55.2(c) further provides that "[p]roof of such mailing shall be filed with the Court." Local Civil Rule 55.2(c). As Judge Pitman points out, Plaintiff's moving papers do not demonstrate that he has complied with this rule. (R & R (Dkt. No. 35) at 2) Nor does the docket reflect an affidavit of service demonstrating that Plaintiff's motion and supporting papers were mailed to Defendant Parker.[4] Accordingly, Plaintiff's motion is procedurally defective. See Bhagwat v. Queens

---

[4] In his R & R, Judge Pitman observes that Plaintiff likely does not have Parker's last known address, and in a separate order Judge Pitman directs the Corporation Counsel's Office to provide that information to Plaintiff. (See R & R (Dkt. No. 35) at 2 n.2; Order (Dkt. No. 34))

5

Carpet Mall, Inc., No. 14 Civ. 5474 (ENV) (PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules.").

Having conducted a review of the record, this Court finds that there is no clear error in Judge Pitman's R & R. Indeed, the R & R is in all respects a proper application of the law to the facts.

## CONCLUSION

For the reasons stated above, the R & R is adopted in its entirety, and Plaintiff's motion for a default judgment against Defendant Parker is denied without prejudice to renewal upon compliance with Local Civil Rule 55.2(c). Any such motion is to be filed by April 29, 2019. The Clerk of Court is directed to terminate the motion (Dkt. No. 28) and to transmit a copy of this order via certified mail to pro se Plaintiff Hafeez Saheed, 973 East 221st Street, Bronx, New York 10469.

Dated: New York, New York
March 25, 2019

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

---

Corporation Counsel subsequently informed Judge Pitman that it provided Defendant Parker's last known address to Plaintiff on February 20, 2019. (Feb. 20, 2019 Ltr. (Dkt. No. 37))