UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAFEEZ SAHEED,
                Plaintiff,

    - against -

CHARLES PARKER,
                Defendant.

**ORDER**

17 Civ. 6151 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Hafeez Saheed, a former employee of the New York City Department of Administrative Services ("DCAS"), filed this employment discrimination action against DCAS, DCAS Commissioner Shemaka Boyle Overton, and several DCAS employees – including Defendant Charles Parker – on August 14, 2017. Plaintiff has since agreed to dismiss his claims against all Defendants other than Parker. (Dkt. Nos. 22, 26)

        On April 25, 2019, Saheed obtained a certificate of default against Parker. (Dkt. No. 42) On November 21, 2019, this Court ordered Plaintiff to move for a default judgment in accordance with the procedures set out in Attachment A of this Court's Individual Rules of Practice for Civil Cases by December 10, 2019. (Dkt. No. 49) On December 9, 2019, Plaintiff filed an affidavit in support of an order to show cause for default judgment. (Dkt. No. 50) Plaintiff notes that "pursuant to Local Civil Rule 55.2(c), all papers submitted to this Court in support of this Motion for Default Judgment shall be mailed to Defendant Charles Parker at his last known residence." (Id. ¶ 11) On December 2, 2020, the Court directed Plaintiff, pursuant to Local Civil Rule 55.2(c), to file proof of such mailing with the Court. The Court warned that "[i]f Plaintiff does not file such proof by December 23, 2020, the Court will dismiss his claim against Parker for failure to prosecute." (Dkt. No. 53 (emphasis omitted)) A copy of the December 2, 2020 Order was mailed to Plaintiff. He has not complied with the Court's order.

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors":

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

Here, these factors weigh in favor of dismissal without prejudice. "The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Plaintiff has not filed anything on the docket since March 2020 (Dkt. No. 52), and has not obeyed the order issued by this Court on December 2, 2020. (See Dkt. No. 53) "A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'" Salem, 2017 WL 6021646, at *2 (citing Peters-Turnball v. Bd. of Educ. of City of New York, No. 96-cv-4914, 1999 WL 959375, at *2, *3 (S.D.N.Y. Oct. 20, 1999); Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. Jan. 4, 2013) (dismissing a case under Rule 41(b) for failure to prosecute where three months had elapsed after a payment of a filing fee deadline, which was extended for the pro se plaintiff); Avila v. Comm'r of Social Security, 15-cv-2456, 2016 WL 1562944, at *3

2

(S.D.N.Y. Apr. 18, 2016) ("The case will be dismissed for failure to prosecute.  Seven months have elapsed since the filing of the defendant's motion to dismiss.")).

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180).  Here, this Court's December 2, 2020 Order warned Plaintiff that he must "file proof of . . . mailing [pursuant to Local Civil Rule 55.2(c)] with the Court," and that if he did not do so "by December 23, 2020, the Court will dismiss his claim against Parker for failure to prosecute."  (Dkt. No. 53)  Accordingly, Plaintiff had notice that his case would be dismissed if he did not file proof of mailing with the Court.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time."  Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, this Court has attempted to protect Plaintiff's right to due process by warning him that a failure to obey the Court's orders would result in dismissal.

Finally, the Court finds that lesser sanctions would be ineffective.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . .

3

[as][c]ourt orders and direction have not prompted plaintiff to move [her] case forward.")).  This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that Plaintiff's claims against Parker are properly dismissed for failure to prosecute.  The Clerk of Court is directed to close this case.

Dated: New York, New York  
      June 9, 2021

SO ORDERED.

_Paul G. Gardephe_  
Paul G. Gardephe  
United States District Judge